**Margaret WALLS, Appellant,**

**v.**

**Maureen SCHECKLER and Charles Scheckler, Appellees. (Two Cases).**

Superior Court of Pennsylvania.

Argued June 25, 1997.

Filed Sept. 16, 1997.

Hugh A. Donaghue, Media, for appellant.

Kenneth F. Fulginiti, Philadelphia, for appellees.

Before McEWEN, President Judge, and POPOVICH and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

This appeal is from the trial court's order granting summary judgment against appel-

lant Margaret Wells and in favor of appellees Maureen and Charles Sheckler. The trial court set forth the relevant facts as follows:

On September 27, 1991, Plaintiff [Margaret Wells] was operating her automobile on MacDade Boulevard, near the intersection of Cherry Street, in the Boro of Collingdale, Delaware County, Pennsylvania, when her vehicle collided with a vehicle owned by Defendant Charles Sheckler, which at the time of the accident, was driven by Defendant Maureen Sheckler. Thereafter, on September 30, 1993, Plaintiff filed a Writ of Summons against Defendants. Pursuant to a Rule to File Complaint, on November 23, 1993, Plaintiff filed a Complaint against the Defendants.

In the Complaint, Plaintiff alleged that the accident was caused by the negligence of Defendant Maureen Sheckler, acting in the scope of her employment with Defendant Charles Sheckler and that as a result thereof, she suffered numerous injuries to her person.

On December 27, 1993, Defendants filed an Answer to Plaintiff's Complaint, which raised New Matter, the defense of the statute of limitations. On September 30, 1994, Defendant filed a Motion for Summary Judgment, alleging that Plaintiff's Complaint was filed three (3) days after the two (2) year statute of limitations set forth in 42 P.S. § 5524(2) had expired. Plaintiff filed an Answer to Defendant's Motion for Summary Judgment and numerous memoranda of law were filed in support of the litigants' respective positions. On November 26, 1996, this Court issued an Order of Court, granting Defendants' Motion for Summary Judgment on the basis that Plaintiff failed to file her action within two years from the date of the accident, which was the time that Plaintiff knew she was injured.

Trial court opinion, 1/21/97 at 1–2. This appeal followed.

In this case, summary judgment was granted in appellees' favor on the basis of the two-year tort statute of limitations. After careful review, however, we find that an issue of material fact still exists with respect to whether the statute of limitations has indeed run. We therefore conclude that the trial court erred in granting appellees' motion for summary judgment.

In cases involving negligence, the statute of limitations is two years. *See* 42 P.S. § 5524(2). In the instant case, we must determine when the two-year period began to run. In accordance with general procedure in automobile accident cases, the trial court concluded that the two-year period began to run from the date of the accident. The trial court failed, however, to account for the unusual provisions of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. C.S.A. § 1701 *et seq.*, as it relates to the limited tort option.

Pursuant to § 1705 of the MVFRL, an insured can choose a limited tort option for automobile insurance coverage. If this option is chosen, the insured will pay a lower premium for the insurance in exchange for agreeing not to seek recompense for bodily injury that does not rise to the level of a serious injury. 75 Pa.C.S.A. § 1705(d). Since, under the provisions of this statute, a limited tort plaintiff does not have a valid cause of action unless and until an injury rises to the level of a "serious injury," and since the statute of limitations period does not ordinarily begin to run until a cause of action accrues,[1] we conclude that the statute of limitations period cannot begin to run on a limited tort plaintiff until he knows or reasonably should know that he has sustained the requisite serious injury.

As a limited tort plaintiff, appellant herein did not have a valid cause of action, and the statute of limitations period did not begin to run, until she knew or reasonably should have known that she sustained a "serious injury." The MVFRL defines a serious injury as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa. C.S.A. § 1702. When the accident in this case first occurred, appellant sustained injuries to her face and jaw that appeared to result in only minor bruises and contusions.

---

1. *See* 42 Pa.C.S.A. § 5502(a).

Consistent with recent caselaw, these injuries would not rise to the level of a serious injury. *See, e.g., Dodson v. Elvey,* 445 Pa.Super. 479, 483–84, 665 A.2d 1223, 1225 (1995) (holding that bruising and soft tissue injury, even accompanied by residual pain, does not rise to the level of a serious injury), *alloc. granted,* 544 Pa. 608, 674 A.2d 1072 (1996). According to appellant's pleadings, however, her facial injury was subsequently aggravated by normal opening and closing of the jaw and she ultimately lost the use of her tempro-mandibular joint (TM joint). If these allegations are true, and appellant only discovered that her facial injury was a "serious injury" when she eventually lost the use of her TM joint, then the statute of limitations should not have started to run until said discovery. If this date is used, appellant's action may have been timely filed.

Our decision that the statute of limitations did not begin to run until appellant's injury was a "serious injury" is consistent with past decisions of this Court with respect to similar issues.[2] In *Bond v. Gallen,* 503 Pa. 286, 469 A.2d 556 (1983), our Supreme Court held that the statute of limitations did not commence to run until a cause of action accrued under the No Fault Act, *i.e.,* until the monetary threshold of $750.00 set forth in the No-Fault Act was met. Similarly, we now hold that until a plaintiff is aware or reasonably should be aware that he or she has suffered a "serious injury," such as would allow limited tort recovery, the statute of limitations does not begin to run. Applying this analysis, appellant's action for personal injuries may have been timely filed, depending on whether the fact-finder credits appellant's testimony as to when her injury was diagnosed as serious. Since a genuine issue of material fact exists regarding the timeliness of this action, summary judgment is not proper. *See, e.g., Anderson v. Moore,* 437 Pa.Super. 642, 645–46, 650 A.2d 1090, 1092 (1994) (stating that summary judgment is not proper when an issue of material fact remains).

Order reversed. Remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

---

**2.** Our Supreme Court held in *Dalrymple v. Brown,* — Pa. —, 701 A.2d 164 (1997), that the discovery rule should not extend the statute of limitations in a case where plaintiff claims repressed memory. *Dalrymple* restated that Pennsylvania's discovery rule focuses "on the nature of the injury rather than on the particular-

ities of the specific plaintiff." As the MVFRL § 1705(d) requires "serious injury", the case before us also focuses on the nature of the injury in question rather than the particularities of the specific plaintiff. Therefore, the instant case is consistent with our Supreme Court's recent ruling in *Dalrymple.*