## Rummel v. Cromwell

152

*John F. King,* for plaintiff.
*John Ninosky,* for defendant.

LEWIS, *P.J.,* October 5, 2005—Presently before this court is defendant Vonnie L. Cromwell's motion for summary judgment. The facts and procedural history of the case are as follows:

On March 12, 2000, plaintiff, Debra Rummel was rear-ended by defendant, while plaintiff was a passenger in a Chevy Tahoe operated by her daughter, Mandy Rummel. Two days later, on March 14, 2000, plaintiff saw her family physician, Robert R. Fierer M.D. with complaints of neck pain. Dr. Fierer diagnosed her with a cervical strain. Later that year, on August 31, 2000, plaintiff consulted with Dr. David Smith who found that plaintiff was suffering a cervical sprain and late whiplash syndrome. Plaintiff's return to Dr. Smith on January 29, 2001 resulted in a guarded diagnosis, whereby Dr. Smith stated that plaintiff had a "marked chance of long-term medication or surgery." Dr. Smith also noted that the delay in treatment had worsened her recovery. On April 12, 2002, at the request of Dr. Fierer, an MRI was taken, which

indicated that plaintiff had a herniated nucleus pulposus[1] at C5-6 (neck vertebrae).

James McInerney M.D. conducted the most recent examination of plaintiff, on April 13, 2004. Dr. McInerney found that although the neck pain that plaintiff complained of was temporarily related to the auto accident, it would be difficult to say whether or not a causal relationship existed between the accident and her symptoms. Dr. McInerney concluded that a surgery to repair plaintiff's herniated disc would be reasonable. Dr. McInerney emphasized again that it would be difficult to determine whether the surgery could rectify injuries caused by the accident, since degenerative processes to plaintiff's cervical spine could have arose at any point in her life.

Plaintiffs filed a praecipe to issue a writ of summons on January 29, 2003. The writ of summons was not served on defendant until it was reissued on September 17, 2003 and served on September 26, 2003. On July 15, 2004, plaintiffs filed a complaint alleging the following: injuries to Mrs. Rummel's neck (thoracic strain, cervical strain, neck stiffness, and muscle spasms), loss of strength in her hands and arms, numbness in both hands, herniated disc at C5-6, borderline carpal tunnel syndrome, and pain and suffering associated with the accident. Additionally, plaintiff's husband Bryan E. Rummel claimed damages for the loss of consortium of his wife due to her injuries.

---

1. Herniated nucleus pulposus is a condition whereby part or all of the soft, gelatinous central portion of an intervertebral disc is forced through a weakened portion of the disc.

Defendant's motion for summary judgment rests on two grounds: that plaintiffs' action is barred by the statute of limitations, and that plaintiffs failed to put forth a good faith effort to effectuate notice of commencement of suit.

Summary judgment is warranted when there is "no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who bears the burden of proof at trial has failed to produce evidence essential to the cause of action or defense, which would require the issue to be submitted to the jury." Pa.R.C.P. 1035.2. "Summary judgment may . . . be entered in favor of defendant when the plaintiff's cause of action is barred by the statute of limitations." *Brooks v. Sagovia,* 431 Pa. Super. 508, 511, 636 A.2d 1201, 1202 (1994).

Pursuant to 42 Pa.C.S. §5524, an action to recover for injuries resulting from the negligent action of another must commence within two years. However, because section 1705 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1705, precludes individuals with a limited tort option insurance policy from making a claim for non-economic damages unless they are serious, the statute of limitations does not toll until they discover or are deemed to have discovered a serious injury. *Walls v. Scheckler,* 700 A.2d 532, 533 (Pa. Super. 1997). A serious injury is defined as a personal injury resulting in death, serious impairment of a bodily function or permanent serious disfigurement. 75 Pa.C.S. §1702. Accord-

ing to *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998), a finding of a serious impairment of a bodily function involves a two-prong threshold test. The first prong is whether the individual sustained an impairment of a bodily function as a result of the motor vehicle accident. The second part of the test is if the individual did sustain an impairment of a bodily function, whether the impairment was serious. This focus is not on the injury itself but on how the injury affects a particular bodily function. Generally medical testimony will be needed to establish the existence, extent and permanency of the impairment. *Id.*

Defendant argues that although plaintiff elected the limited tort option, she did not discover a serious injury within two years of the commencement of this suit, and therefore plaintiffs' claim is barred by the statute of limitations. Defendant contends that the record provides no evidence that would indicate a serious impairment of a bodily function. Alternatively, defendant argues that if plaintiff did suffer a serious injury, she knew or should have known of the injury prior to January 29, 2001 (two years prior to the commencement of this suit).

Conversely, plaintiff argues that the MRI conducted on April 19, 2002, indicated that plaintiff suffered serious injuries and therefore, it is on that date that the statute of limitations should begin to run.

This court finds that plaintiff Debra Rummel failed to meet her burden of showing that she received a serious injury which resulted from the automobile accident. The only evidence plaintiffs use to support their contention that plaintiff suffered a serious injury, comes from the MRI conducted on April 19, 2002. However, the report

indicating the results of the MRI does not give any indication of the ramifications of the findings on plaintiff's condition. The only medical diagnosis of plaintiff following the MRI is a letter dated April 13, 2004, from Dr. McInerney, to plaintiff's counsel addressing plaintiff's condition. In this letter, Dr. McInerney, who had seen plaintiff in November of 2003, and then twice again in 2004, and had reviewed her MRI, stated that her neck was "certainly temporally related to the auto accident" but "it is difficult to say whether or not there is a causal relationship between this accident and her symptoms." (See exhibit "E" of defendant's brief in support of motion for summary judgment.) Therefore this court finds that plaintiff failed to meet the first requirement of the *Washington* test for a serious injury, by failing to show that a bodily function was impaired because of the automobile accident.

Because plaintiffs failed to meet the threshold requirements to show a serious injury, plaintiffs' claim is barred by the statute of limitations and summary judgment for the defendant is warranted. This court will nonetheless still address the issue of whether the plaintiff knew or should have known of a serious injury before January 29, 2001, two years prior to the commencement of this suit.

Even if the plaintiff is able to prove that she suffered from a serious injury, the plaintiff must assert that the serious injury was not one that she knew, or should have reasonably known, about more than two years prior to commencing this lawsuit. *Walls v. Scheckler,* 700 A.2d 532, 533 (Pa. Super. 1997).

Plaintiff's medical records indicate that after her visit with Dr. Smith on August 31, 2000, she was aware of a cervical sprain and late whiplash syndrome, as well as pain and numbness in her hands and arms. Further, the fact that plaintiff was aware of her injuries is evidenced in the Disability Questionnaire filled out on August 28, 2000, where plaintiff indicated that her pain was constant and moderate, and that pain prevented her from lifting heavy weights, walking more than one mile, and sitting for more than one hour. Additionally, plaintiff expressed that pain restricted her social life, and that she could not sleep well unless she took medication. Plaintiff also indicated that her pain was not changing.

Further, plaintiff has an extensive medical history where she suffered pain and swelling in her hands as far back as 1995. Plaintiff also injured her left arm after being involved in a car accident in 1999. Currently, plaintiff asserts numbness to her hands and arms, and loss of grip strength as a result of the accident with the defendant. However, due to plaintiff's long medical history of problems with her hands and arm, plaintiff cannot sufficiently establish a causal connection between her injuries and the accident with defendant.

This court finds that even if plaintiff established that she suffered a serious injury, her claim is still barred by the statute of limitations because she knew or should have known of her injuries before January 29, 2001.

Additionally, because this court finds that the statute of limitations bars plaintiffs' claim, this court sees no need to make a determination on whether defendant was prejudiced by plaintiffs' delay in serving defendant with the writ of summons.

Accordingly, the following is entered:

ORDER

And now, October 5, 2005, it is hereby ordered that defendant Cromwell's motion for summary judgment is granted.