J-A29033-14

2015 PA Super 14

DONNA VARNER-MORT AND DANIEL : IN THE SUPERIOR COURT OF
MORT, H/W, : PENNSYLVANIA
:
Appellants :
:
v. :
:
BRIDGET KAPFHAMMER, :
:
Appellee : No. 261 WDA 2014

Appeal from the Order Entered January 24, 2014,
in the Court of Common Pleas of Blair County,
Civil Division at No(s): 2011 GN 2170

BEFORE: FORD ELLIOTT, P.J.E., ALLEN and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.: **FILED JANUARY 21, 2015**

Donna Varner-Mort (Varner-Mort) and Daniel Mort (Mort) (collectively Appellants) appeal from an order granting the motion for summary judgment filed by Bridget Kapfhammer (Kapfhammer). We reverse and remand for further proceedings.

The relevant background underlying this matter can be summarized as follows. Varner-Mort and Kapfhammer were in an automobile accident on May 6, 2009. On June 27, 2011, Appellants filed a complaint against Kapfhammer. Varner-Mort presented a count of negligence against Kapfhammer, and Mort, Vander-Mort's husband, presented a count of loss of consortium against Kapfhammer.

It is undisputed that, because Appellants chose the limited tort option when they purchased automobile insurance, pursuant to the Motor Vehicle

_____
* Retired Senior Judge assigned to the Superior Court.

Financial Responsibility Law (MVFRL),[1] Varner-Mort could recover non-economic damages only if she proved that she suffered a "serious injury." 75 Pa.C.S. § 1705(a)(1)(A). The MVFRL defines "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

Kapfhammer filed an answer and new matter. In her new matter, Kapfhammer averred, *inter alia*, that the statute of limitations barred Appellants' cause of action.[2]

Kapfhammer eventually filed a motion for summary judgment wherein she raised her statute-of-limitations defense. In that motion, Kapfhammer maintained that, pursuant to 42 Pa.C.S. § 5524(2), Appellants' causes of action are governed by a two-year statute of limitations. According to Kapfhammer, Varner-Mort's medical records indicate that, on May 9, 2009, Varner-Mort sought treatment at Lewistown Hospital, where she was diagnosed with a back sprain with paresthesia of a lower extremity. Kapfhammer averred that Varner-Mort continued to have treatment on her lower back over the years but that the injury remained the same from the time of the accident through 2011. Kapfhammer took the position that the

---

[1] 75 Pa.C.S. §§ 1701-1799.7.

[2] As we already have noted, Appellants' complaint contains two causes of action: negligence and loss of consortium. Based upon the manner in which this matter was litigated in the trial court, we assume that Kapfhammer was claiming in her new matter that the statute of limitations barred both of Appellants' causes of action.

statute of limitations required Appellants to file their complaint by May 6, 2011, *i.e.*, two years after the accident occurred. Because Appellants did not file their complaint until June 27, 2011, Kapfhammer contended that the trial court should grant her motion for summary judgment and dismiss Appellants' complaint with prejudice.

In Appellants' response to the motion for summary judgment, relying on this Court's opinion in **Walls v. Scheckler**, 700 A.2d 532 (Pa. Super. 1997), Appellants argued that the statute of limitations did not begin to run until Varner-Mort became aware that she suffered a "serious injury." Appellants highlighted the facts that Varner-Mort did not have an MRI until August 13, 2009 and that she did not discuss the results of that test with a doctor until later that day. Appellants contended that a genuine issue of material fact remained as to when Varner-Mort discovered that she suffered a "serious injury" and, therefore, that the trial court should deny the motion for summary judgment and allow a fact-finder to hear the case.

The trial court granted the motion for summary judgment. In so doing, the court reasoned, in relevant part, as follows.

> … [] Varner-Mort was reasonably put on notice that she suffered a serious injury prior to the first MRI on August 13, 2009. She knew that she was injured the day of the accident as she experienced pain and swelling about an hour after the accident. She went to the emergency room initially on May 8, 2009 and returned May 9, 2009 where she complained and sought treatment for pain and numbness that radiated down her legs to her toes in the L4-5 distribution. As her symptoms for these same injuries failed to improve with the prescribed treatment, []

Varner-Mort was reasonably put on notice that she had suffered a serious injury as a result of the motor vehicle accident.

Corrective surgery to mitigate [] Varner-Mort's pain will not extend the date of the beginning of the statutory period. The discovery rule is not designed to allow plaintiffs to indefinitely extend filing and set aside a reasonable person's common sense. The [c]ourt finds that [] Varner-Mort had the requisite notice of a serious injury on May 9, 2009; accordingly, [Appellants'] claims are barred as this action was not filed prior to the expiration of the two-year statute of limitation on May 6, 2011. …

Trial Court Opinion and Order, 1/24/2014, at 6-7 (citations omitted).

Appellants timely filed a notice of appeal. The trial court directed Appellants to comply with Pa.R.A.P. 1925(b). Appellants then filed a Pa.R.A.P. 1925(b) statement, and the trial court filed a Pa.R.A.P. 1925(a) opinion. In their brief to this Court, Appellants ask us to consider one question, namely, "Did the motion court below err when it found, as a matter of law, that a limited-tort plaintiff knew that she suffered from a 'serious' injury on May 9, 2009, on which date she saw an emergency room physician who found only mild weakness of the right lower extremity?" Appellants' Brief at 4.[3]

The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A

---

[3] The juxtaposition of the parties is interesting. Ordinarily, in a limited-tort case, the plaintiff would be arguing that the facts as of May 9, 2009 would constitute a serious injury. Conversely, insurance counsel would argue those facts did not show a serious injury. The statute of limitations issue changes everything.

motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.…

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

Appellants contend on appeal that the trial court erred by granting the motion for summary judgment. They continue to argue that a genuine issue of material fact remains as to when Varner-Mort knew or should have known that she suffered a "serious injury," triggering the two-year statute of limitations. We are constrained to agree with Appellants.

In *Walls*, Margaret Wells (Wells)[4] and Maureen Scheckler were involved in an automobile accident on September 27, 1991. Wells filed a writ of summons against Maureen and Charles Scheckler (the Schecklers) on September 30, 1993 and, later, a complaint wherein Wells alleged that Maureen Scheckler's negligence caused the accident. Because Wells chose the limited-tort option when she purchased automobile insurance, she could

---

[4] The Atlantic Reporter captions this case as "*Walls v. Scheckler*." However, in the body of its opinion, this Court refers to the plaintiff as "Margaret Wells."

recover non-economic damages only if she proved that she suffered a "serious injury."

The Schecklers filed a motion for summary judgment, alleging that Wells filed her complaint three days after the two-year statute of limitations for negligence had expired. The trial court granted the motion "on the basis that [Wells] failed to file her action within two years from the date of the accident, which was the time that [Wells] knew she was injured." **Walls**, 700 A.2d at 533 (citation omitted).

Wells appealed. This Court employed the following reasoning in reversing the trial court's order and remanding for further proceedings.

> In cases involving negligence, the statute of limitations is two years. In the instant case, we must determine when the two-year period began to run. In accordance with general procedure in automobile accident cases, the trial court concluded that the two-year period began to run from the date of the accident. The trial court failed, however, to account for the unusual provisions of the [MVFRL], as it relates to the limited tort option.
>
> Pursuant to § 1705 of the MVFRL, an insured can choose a limited tort option for automobile insurance coverage. If this option is chosen, the insured will pay a lower premium for the insurance in exchange for agreeing not to seek recompense for bodily injury that does not rise to the level of a serious injury. Since, under the provisions of this statute, a limited tort plaintiff does not have a valid cause of action unless and until an injury rises to the level of a "serious injury," and since the statute of limitations period does not ordinarily begin to run until a cause of action accrues, we conclude that the statute of limitations period cannot begin to run on a limited tort plaintiff until he knows or reasonably should know that he has sustained the requisite serious injury.

As a limited tort plaintiff, [Wells] did not have a valid cause of action, and the statute of limitations period did not begin to run, until she knew or reasonably should have known that she sustained a "serious injury." The MVFRL defines a serious injury as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." When the accident in this case first occurred, [Wells] sustained injuries to her face and jaw that appeared to result in only minor bruises and contusions. Consistent with recent caselaw, these injuries would not rise to the level of a serious injury. According to [Wells'] pleadings, however, her facial injury was subsequently aggravated by normal opening and closing of the jaw and she ultimately lost the use of her tempro-mandibular joint (TM joint). If these allegations are true, and [Wells] only discovered that her facial injury was a "serious injury" when she eventually lost the use of her TM joint, then the statute of limitations should not have started to run until said discovery. If this date is used, [Wells'] action may have been timely filed.

… [W]e now hold that until a plaintiff is aware or reasonably should be aware that he or she has suffered a "serious injury," such as would allow limited tort recovery, the statute of limitations does not begin to run. Applying this analysis, [Wells'] action for personal injuries may have been timely filed, depending on whether the fact-finder credits [Wells'] testimony as to when her injury was diagnosed as serious. Since a genuine issue of material fact exists regarding the timeliness of this action, summary judgment is not proper.

*Id.* at 533-34 (citations and footnote omitted).

While we recognize that we are bound by *Walls*, we highlight that, in our view, the holding therein is just plain wrong. As this Court tacitly recognized in *Walls*, the general rule in Pennsylvania regarding car accident cases is that the statute of limitations begins to run for an injured plaintiff on the day of the accident. *See Walls*, 700 A.2d at 533 ("In accordance with general procedure in automobile accident cases, the trial court concluded

- 7 -

that the two-year period began to run from the date of the accident."); ***Haines v. Jones***, 830 A.2d 579, 586 (Pa. Super. 2003) ("[O]ur state Supreme Court held that the statute of limitations for a cause of action begins to run as soon as the right to institute and maintain a suit arises …. In most cases, the statute of limitations begins to run on the date the injury is sustained.") (citations omitted).

There is one pertinent difference between full-tort and limited-tort plaintiffs. When a full-tort plaintiff is injured by a negligent driver, such a plaintiff can recover all medical and out-of-pocket expenses, as well as financial compensation for pain and suffering and other noneconomic damages. 75 Pa.C.S. § 1705(a)(1)(B). A limited-tort plaintiff also can recover all medical and out-of-pocket expenses; however, such a plaintiff cannot recover for pain and suffering or other noneconomic damages unless the plaintiff's injuries fall within the definition of "serious injury." ***Id.*** at § 1705(a)(1)(A).

We fail to see why a limited-tort plaintiff's inability to seek non-economic damages unless the plaintiff suffers a "serious injury" should alter when a negligence cause of action begins to accrue for purposes of the statute of limitations. Such a limitation on a plaintiff's eligibility to recover a specific type of damages does not alter when the right to institute and maintain a suit arises, because the plaintiff can seek to recover economic

damages and, if she is able to prove that she suffered a "serious injury," the plaintiff can seek to recover the same damages as a full-tort plaintiff.

In any event, for purposes of this appeal, we must determine whether a genuine issue of material fact exists as to whether Varner-Mort knew or reasonably should have known that she sustained a serious injury within two years of the date that Appellants filed the complaint. Ordinarily, a fact-finder must resolve such an issue. *See Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011) ("The point at which the complaining party should be reasonably aware that he or she has suffered an injury and its cause is ordinarily an issue of fact to be determined by the jury due to the fact intensive nature of the inquiry.") (citations omitted); *Walls*, 700 A.2d at 534 ("Applying this analysis, [Wells'] action for personal injuries may have been timely filed, depending on whether the fact-finder credits [Wells'] testimony as to when her injury was diagnosed as serious.").

> Only where the facts are so clear that reasonable minds could not differ may a court determine as a matter of law at the summary judgment stage, the point at which a party should have been reasonably aware of his or her injury and its cause and thereby fix the commencement date of the limitations period.

*Borough of Moosic*, 15 A.3d at 485 (citation omitted).

It is undisputed that Varner-Mort knew on the day of the May 6, 2009 accident, or within a few days after the accident, that she had suffered a back injury due to the accident. In their response to the motion for summary judgment and their brief in support thereof, Appellants detailed

the course of treatment that Varner-Mort sought for her injury. Appellants attached to these filings various medical records and an affidavit from Gregory M. Bailey, D.O. We need only review the contents of Dr. Bailey's affidavit to conclude that the trial court erred by granting the motion for summary judgment.

According to his affidavit, Dr. Bailey is Varner-Mort's treating orthopedic surgeon. Appellants' Brief in Opposition to Summary Judgment, 10/25/2013, Exhibit A, at ¶1. Dr. Bailey claims that he was in the best position to determine if, and when, the injuries Vander-Mort sustained in the accident would result in a serious impairment to a significant body part. *Id.* at ¶2. Varner-Mort's first appointment with Dr. Bailey was on October 6, 2009; prior to that date, Vander-Mort's injuries were managed by a chiropractor and a pain management clinic. *Id.* at ¶3.

On August 13, 2009, Varner-Mort underwent her first post-accident MRI, which revealed "moderate to moderately severe lumbar spondylosis; severe narrowing of the right L5 neural foramen; and moderately severe narrowing of right L4 neutral foramen." *Id.* at ¶4. Dr. Bailey reported that, according to Varner-Mort's history,

> I was not aware of any pre-accident spinal symptoms or treatment and she seemed to be quite physically fit and healthy even when I met her in October, 2009, other than the pain in her lumbar spine. When I first treated Ms. Vander-Mort, based on her level of conditioning and fitness, both she and I were still optimistic that she could recover from these back injuries and that she would not sustain a serious impairment to her back function and/or require surgery.

[] I did not suspect that [] Varner-Mort sustained a serious impairment to a significant bodily function until all conservative treatment failed, and I advised her on December 10, 2009, that she should consider surgery as an option to address the injuries she sustained in her motor vehicle accident of May 6, 2009 at L4-L5, L5-S1. …

*Id.* at ¶¶5. And 6.

Varner-Mort did not immediately undergo surgery, choosing instead to use home exercise. *Id.* at ¶7. Later in his affidavit, Dr. Bailey explained,

When I next saw Ms. Varner-Mort on June 8, 2010, her symptoms deteriorated. At this point, more than a year had passed since her motor vehicle accident of May 6, 2009. Many herniated disc symptoms can be resolved with time, therapy or pain management, or a combination of these things. Unfortunately, all non-surgical, non-invasive treatment was exhausted. Ms. Varner-Mort could no longer function and manage her symptoms. As a result, it was clear to her and me, that without surgery, Ms. Varner-Mort's disc injuries at L4-5 and L-5-S1 would be ongoing, and would cause her permanent, radiating nerve pain and impairment that could not be corrected without invasive, extensive surgery. **It was clear to me as her treating physician, both retrospectively and prospectively, that on this date of June 8, 2010, to a reasonable degree of medical certainty, Ms. Varner-Mort sustained a serious impairment of a significant bodily function.**

*Id.* at ¶9 (emphasis in original).

Stated succinctly, Varner-Mort's "action for personal injury may have been timely filed, depending on whether a fact-finder credits [her] testimony as to when her injury was diagnosed serious." *Walls*, 700 A.2d at 534. Consequently, we conclude that the trial court erred by granting Kapfhammer's motion for summary judgment. For these reasons, we

reverse that trial court's order and remand for further proceedings consistent with this Opinion.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judge Allen joins the opinion.

P.J.E. Ford Elliott files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2015