J-A05032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSHUA TANKEL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LISA SCHEIDT AND MARTIN SCHEIDT, | |
| Appellees | No. 2278 EDA 2014 |

Appeal from the Order Entered July 9, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 13061380

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 20, 2015**

Appellant, Joshua Tankel, appeals from the order entered on July 9, 2014, that dismissed his complaint against Lisa Scheidt and Martin Scheidt (collectively "Appellees") with prejudice.  We affirm.

The trial court set forth the background of this case as follows:

> On June 10, 2013, [Appellant] commenced this civil action against [Appellees] for injuries sustained by [Appellant] after a motor vehicle accident. [Appellant] filed an amended complaint on July 9, 2013. In their answer, [Appellees] denied negligence. [Appellees] also filed New Matter. The New Matter states that because [Appellant] elected the limited tort option and [Appellant's] injuries are not serious as defined by the Pennsylvania Motor Vehicle Financial Responsibility Law (PMVFRL) [(75 Pa.C.S. §§ 1701–1799.7),] [Appellant] is precluded from recovering [damages for] pain and suffering. On May 5, 2014, [Appellees] filed a motion for partial summary judgment. [Appellees] asserted that because [Appellant] was bound by the limited tort election, he cannot maintain an action for non-economic loss because the injury was not serious as defined by PMVFRL. The motion was granted by the Order dated June 10, 2014 and the case was sent to arbitration.

On July 2, 2014, [Appellant] filed a motion for reconsideration. [Appellant] stated that he was not claiming economic damages, and since the June 10, 2014 Order bars non-economic damages, the Order should be amended to dismiss the case. The motion was granted and the case dismissed. [Appellant has] appealed this court's finding that no reasonable jury could find the injuries alleged by [Appellant] to rise to the level of "a personal injury resulting in serious impairment of a body function" as required under 75 Pa. C.S.A. § 1705(d).

Trial Court Opinion, 8/1/14, 1-2 (unnumbered pages) (footnotes omitted).

Following the July 9, 2014 order dismissing his complaint with prejudice, Appellant filed this timely appeal on July 16, 2014.

On appeal, Appellant raises the following issue for this Court's consideration:

Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [Appellees'] Motion for Summary Judgment when a genuine issue of material fact exists as to [Appellant's] injuries and extent of injuries?

Appellant's Brief at 6.

The standard of review we apply is as follows:

Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that

- 2 -

reasonable minds could not differ can a trial court properly enter summary judgment.

***Hovis v. Sunoco, Inc.***, 64 A.3d 1078, 1081 (Pa. Super. 2013).

In Pennsylvania, when selecting automobile insurance, drivers have the option of choosing limited-tort coverage or full-tort coverage. 75 Pa.C.S. § 1705. An individual who has purchased full-tort coverage and who is injured by a negligent driver can recover all medical and out-of-pocket expenses, as well as financial compensation for pain and suffering and other non-economic damages. ***Varner-Mort v. Kapfhammer***, 109 A.3d 244, 248 (Pa. Super. 2015) (citing 75 Pa.C.S. § 1705(a)(1)(B)). "A limited-tort plaintiff also can recover all medical and out-of-pocket expenses; however, such a plaintiff cannot recover for pain and suffering or other non-economic damages unless the plaintiff's injuries fall within the definition of 'serious injury.'" ***Id***. (citing 75 Pa.C.S. § 1705(a)(1)(A)). The term "serious injury" is defined as follows: "A personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

> Our Supreme Court has held that in determining whether a motorist has suffered a serious injury, "the threshold determination was not to be made routinely by a trial court judge ... but rather was to be left to a jury unless reasonable minds could not differ on the issue of whether a serious injury had been sustained." ***Washington v. Baxter***, 553 Pa. 434, 719 A.2d 733, 740 (1998). In conducting this inquiry, "several factors must be considered to determine if the claimed injury is 'serious': '[**1.**] the extent of the impairment, [**2.**] the length of time the impairment lasted, [**3.**] the treatment required to correct the impairment, and [**4.**] any other relevant factors.'"

> *Graham v. Campo*, 990 A.2d 9, 16 (Pa. Super. 2010), *appeal denied*, 609 Pa. 703, 16 A.3d 504 (2011). Our Supreme Court has cautioned that "the focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function." *Washington, supra*. We remain cognizant of the principle that "[a]n impairment need not be permanent to be serious" under section 1705(d). *Robinson v. Upole*, 750 A.2d 339, 342 (Pa. Super. 2000) (citation omitted).

*Cadena v. Latch*, 78 A.3d 636, 640 (Pa. Super. 2013) (emphasis added).

Appellant argues that this Court's decision in *Cadena* supports his claim for relief. Appellant's Brief at 19. We disagree.

In *Cadena*, the plaintiff selected the limited-tort option and, following a motor vehicle accident, she claimed that she sustained a serious injury that would allow her to recover non-economic damages pursuant to 75 Pa.C.S. § 1702. *Cadena*, 78 A.3d at 638-639. The defendant filed a motion for summary judgment claiming that the plaintiff failed to establish that she had suffered a serious injury, and the trial court granted the defendant's motion. *Id*. at 638. On appeal, this Court reversed stating that:

> Looking at the record in the light most favorable to Appellant, she has shown that she was diagnosed with no less than eight ailments, which her treating physician stated to a reasonable degree of medical certainty were a direct result of the accident in this case. *See* Letter of Dr. Steven Allon, 12/11/08, at 2–3. Furthermore, Appellant has described at length how her daily life has changed because of the pain she has and continues to endure. *See* Appellant's Deposition, 6/23/10, at 72–74, 78–79, 87–89, 95–97. In our view, "reasonable minds could ... differ [as to] whether a serious injury had been sustained[ ]" by Appellant. *Washington, supra*; *see also Kelly v. Ziolko*, 734 A.2d 893, 899–900 (Pa. Super. 1999) (concluding issue of fact existed as to whether plaintiff suffered a serious injury where plaintiff

"suffers pain in his neck, back, and knees, and intermittent numbness in two toes on his left foot[,] ... asserted that his back pain occurs as a result of physical activity or sitting for long periods of time; he has trouble sleeping, cannot run, is unable to walk or sit for longer than 15 minutes, and finds it difficult to play with his child[.]").

*Cadena*, 78 A.3d at 643. The plaintiff in *Cadena* also treated at a hospital, missed one week from work, and was prescribed pain medication. *Id*. at 637. Additionally, the plaintiff in *Cadena* established that she was unable to engage in activities with her daughter, gained fifty pounds, and was not as active sexually as she was before the accident. *Id*. at 638.

Conversely, in the case at bar, when we review the record in the light most favorable to Appellant, we conclude that he did not have the extensive impairments as those suffered by the plaintiff in *Cadena*. Indeed, we agree with the trial court that in the instant case, Appellant did not establish that he sustained any impairment of body function. The trial court explained the rationale for its decision as follows:

[Appellant] was never treated in any hospital or emergency room for injuries as a result of this accident. He first sought medical treatment "a couple of weeks after." [Appellant] had physical therapy for two and a half months after the accident. [Appellant] claims no activities were impeded as a result of the accident. He missed no time from work [at] Walgreens standing at a computer all day and lifting up to 40 pounds of copying paper. He is in need of no additional medical care. He attended school while working and missed no time from school except for the 30 minutes he was late because of the accident. He has made no request of his school or any professor for any accommodation. No treating physician ever felt the need for diagnostic studies. All his diagnostic studies such as his MRI and EMG were ordered by the counsel[-]retained expert for testimony. He takes no medications for pain. He has been able to perform all routine tasks and chores as usual. In 2013 he

purchased a weight bench for home use and exercises but without the usual intensity. He has participated in a basketball league. He has traveled to three different states subsequent [to] the accident. No evidence is presented that any doctor limited any recreational or work activity. Neither has evidence of any serious limitation in his ability to sit, stand, walk, bend, drive, lift or work been presented. There is no evidence of any severe, continuing, or disabling pain. No body function has been impaired. Thus the evidence, taken in the light most favorable to [Appellant] does not demonstrate any "body function" impairment.

Trial Court Opinion, 8/1/14, at 3-4 (unnumbered pages) (footnotes omitted).

We agree with the trial court's conclusion that Appellant, having selected the limited-tort option, failed to establish that he suffered a "serious injury" as that term is defined, and therefore, he was entitled to no relief. We discern no error or abuse of discretion in the trial court's conclusion. Accordingly, we affirm the trial court's July 9, 2014 order granting Appellees' motion for summary judgment.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2015