J-S51030-16

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| IDELISA REYES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PAMELA HAWK | |
| Appellee | No. 3711 EDA 2015 |

Appeal from the Order Entered November 2, 2015
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2015-C-1342

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 23, 2016**

Idelisa Reyes appeals from the trial court's order dismissing her complaint in the underlying personal injury action.  After review, we affirm.

On September 9, 2014, Reyes commenced the underlying action (sounding in negligence) against Appellee, Pamela Hawk, by filing a writ of summons in Philadelphia County.  Reyes sought damages for injuries she sustained after Hawk's vehicle allegedly hit her while she was standing at an intersection in Allentown on September 8, 2012.  On December 19, 2014, Reyes filed her complaint.  On December 29, 2014, Hawk filed preliminary objections raising improper venue[1] and a claim that Reyes' action was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pa.R.C.P. 1006 (change of venue rule).

barred by the statute of limitations. On February 2, 2015, the trial court sustained the objections, in part, and transferred the case to Lehigh County. On April 27, 2015, Reyes filed a complaint in Lehigh County.

On October 2, 2015, Hawk filed a motion to dismiss alleging that Reyes' claims were barred by Pennsylvania's two-year statute of limitations for negligence actions.[2] On November 2, 2015, the court granted Hawk's motion and dismissed Reyes' complaint, noting that Reyes had filed no response to Hawk's motion. This timely appeal follows.

On appeal, Reyes presents the following issues for our consideration:

(1)    Is Appellant entitled to a reversal of the trial court's order granting Appellee's motion to dismiss, when the trial court failed to follow legal procedure, misapplied the law and abused its discretion by granting Defendant's motion to dismiss prematurely before Plaintiff was afforded the requisite thirty (30) days as prescribed by Pa.R.C.P. 1035.3(a) to file an answer after service of the motion?

(2)    Is Appellant entitled to a reversal of the trial court's order granting Appellee's motion to dismiss, when the trial court failed to follow legal procedure, misapplied the law and abused its discretion by failing to schedule the Defendant's motion to dismiss for oral argument on the issue raised (Pa.R.C.P. 211)?

_____

[2] **See** 42 Pa.C.S. § 5524(7) (two-year statute of limitations to recover damages for injuries caused by negligence). In her motion, Hawk contended that Reyes suffered her injuries on September 8, 2012, but did not file her writ of summons until September 9, 2014.

Reyes contends that the trial court decided the instant motion prematurely and, as a result, improperly dismissed her complaint. Specifically, she contends that because Rule 1035.3 requires an adverse party to file a response to a summary judgment motion within 30 days after service of the motion, the court improperly granted the motion on the thirtieth day.

Pursuant to Pa.R.C.P. 1035.3:

(a) Except as provided in subdivision (e), **the adverse party** may not rest upon the mere allegations or denials of the pleadings but **must file a response within thirty days after service of the motion** identifying

    (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

    (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

                                \*     \*     \*

(d) Summary judgment may be entered against a party who does not respond.

(e) (1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. **A party is prejudiced if he or she is not given a full and fair opportunity** to supplement the record and **to oppose the motion.**

- 3 -

> (2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion or on the record.[3]

Pa.R.C.P. 1035.3 (emphasis added).

Instantly, Hawk served her motion on Friday, October 2, 2015. Under our rules of civil procedure, the thirty-day period under Rule 1035.3 begins to run on Saturday, October 3, 2015. **See** Pa.R.C.P. 106(a) ("When any period of time is referred to in any rule, such period in all cases, except as otherwise provided in Rules 107 and 108, shall be so computed as to exclude the first and include the last day of such period."). Therefore, the thirtieth day for purposes of Rule 1035.3(a) fell on Sunday, November 1, 2015. Because the thirtieth day fell on a weekend, it is not counted in the time period under the rule. **See** Pa.R.C.P. 106(b) ("Whenever the last day of any such period shall fall on Saturday or Sunday, such day shall be omitted from the computation." Pa.R.C.P. 106(b). Therefore, the thirtieth day fell on Monday, November 2, 2015, and Reyes had until that date to file

_____

[3] Our standard of review in cases of summary judgment is well settled. This court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law. **_Merriweather v. Philadelphia Newspapers, Inc._**, 684 A.2d 137, 140 (Pa. Super. 1996). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. **_Id._** Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. **_Id._**

her response. Because the trial court ruled on the motion on the thirtieth day, it did not give Reyes the full thirty days to respond to Hawk's motion. Therefore, the court's ruling technically was premature. However, because Reyes did not file an answer to the motion to dismiss until Wednesday, November 4, 2015 – the thirty-second day after service – it was untimely filed under Rule 1035.3. Moreover, Reyes fails to allege any prejudice from the court's premature dismissal of her complaint. Pa.R.C.P. 1035.3(e).[4] Therefore, we do not find that the court's action was an abuse of discretion.

Finally, Reyes claims that the trial court erred in not scheduling oral argument on the motion. Pursuant to Pa.R.C.P. 211:

> Any interested party may request oral argument on a motion. The court may require oral argument, whether or not requested by a party. The court may dispose of any motion without oral argument.

_____

[4] In Reyes' response to Hawk's motion, she argues that there is a factual issue regarding when she knew or reasonably should have known that she sustained a serious injury in the underlying accident so as to trigger the two-year statute of limitations. However, the general rule in Pennsylvania regarding car accident cases is that the statute of limitations begins to run for an injured plaintiff *on the day of the accident*. **Bradley v. Ragheb**, 633 A.2d 192, 194 (Pa. Super. 1993). Moreover, the case cited by Reyes to support her argument, **Walls v. Scheckler**, 700 A.2d 532 (Pa. Super. 1997), involved a limited-tort plaintiff who was attempting to prove that she sustained serious injuries in order to recover non-economic damages under the Motor Vehicle Financial Responsibility Law (MVFRL). Here, Reyes does not contend that her symptoms or diagnosis worsened during the two-year period during which she could have brought suit. **See Haines v. Jones**, 830 A.2d 579 (Pa. Super. 2003). Therefore, even if we were to consider the merits of her response, we would agree with the trial court that dismissal of the complaint was proper.

Pa.R.C.P. 211. The trial court was within its discretion not to hold argument on Hawk's motion where oral argument would have served no purpose based upon the statute of limitations barring plaintiff from recovering in her lawsuit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2016