J-A25045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWIN MOYER, AS EXECUTOR OF THE ESTATE OF BETTY MOYER, DECEASED, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | |
| MATTHEW CONROY | : : | No. 283 MDA 2019 |

Appeal from the Order Entered January 23, 2019
in the Court of Common Pleas of Berks County
Civil Division at No(s): 18-01248

BEFORE: STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 13, 2020**

Edwin Moyer ("Moyer"), as Executor of the Estate of Betty Moyer, appeals from the Order granting Matthew Conroy's ("Conroy") Motion for judgment on the pleadings. After intensive review of the record, we affirm.

In its Opinion, the trial court summarized the procedural and factual history of the instant appeal.

> On October 12, 2015, decedent Betty Moyer [(the "Decedent")], then 76 years old, and [Conroy] were involved in a motor vehicle accident. [Conroy] allegedly hit [Decedent] from behind, pushed [Decedent's] car into the car in front of her, and caused [Decedent to suffer] various injuries. [Decedent] was treated by a physical therapist until June 2, 2016, and was later seen by an orthopedic surgeon; the outcome of that consultation is not clear. Unfortunately, [Decedent] died the following summer, on July 12, 2017. Her son, [] Moyer, received letters testamentary on July 18, 2017.
>
> Just a few days later, on July 22, 2017, apparently unaware of [Decedent's] death, counsel filed a [C]omplaint in her name

against [] Conroy and Erie Insurance (related to alleged failure to negotiate [uninsured motorist and underinsured motorist] payment) [(the "2017 Complaint")[1]]. [Decedent] had been covered by limited tort insurance. The [2017 Complaint] averred that [Decedent] "was caused to sustain serious physical injury in and about the person, including[,] but not limited to[, Decedent's] eye, knee, shin, leg, back, wrist, hip, ankle, neck, foot[,] and leg, as well as a severe shock to the nerves and nervous system and was[,] or may have been[,] otherwise injured, whereby [Decedent] has suffered[,] and may continue to suffer[,] in the future. … [Decedent] avers that some[,] or all[,] of the injuries sustained may be[,] or are[,] of a permanent nature and character." The [2017 Complaint] sought both punitive and compensatory damages. On September 18, 2017, Erie filed [P]reliminary [O]bjections noting that[,] because of [Decedent's] death[,] she lacked [the] capacity to sue[,] and the [2017 Complaint] in her name was improper. The [c]ourt agreed, dismissing that case with prejudice on October 16, 2017.

More than three months later, on January 30, 2018, [Moyer] filed the present[, substantively identical,[2]] [C]omplaint as executor [(the "2018 Complaint")]. The [C]omplaint includes the following averments:

> 12. [Decedent] selected the limited tort option on her automobile insurance policy.

___

[1] Conroy raised the existence of the 2017 Complaint as new matter in his October 12, 2018 Answer, and attached a copy of the 2017 Complaint as an exhibit. **See** Answer with New Matter, 10/12/18, at ¶ 17. Because the allegations and pleadings made in the 2017 Complaint are relevant and central to the instant issues on appeal, it is proper for this Court to take notice of such allegations. **See 220 P'ship v. Phila. Elec. Co.**, 650 A.2d 1094, 1097 (Pa. Super. 1994) (stating that "[i]t is appropriate for a court to take notice of a fact … which is incorporated into the complaint by reference to a prior court action.").

[2] The 2017 Complaint also contains allegations related to Decedent's insurer's apparent failure to properly pay out on her underinsured/uninsured motorist coverage. However, Moyer's claims against Erie Insurance are not relevant to the instant appeal, and do not appear in the 2018 Complaint.

13. On or about April 28, 2017, [Conroy pled] guilty to driving under the influence [("DUI")] charges, converting [Decedent's policy] from limited tort to full tort.

14. [Moyer] and/or [Decedent] did not have injuries that overcame the limited tort threshold, giving her the basis to file a lawsuit, until [Conroy pled] guilty to DUI charges.[3]

Service apparently took some time. On October 12, 2018, [Conroy] filed an [A]nswer with [N]ew [M]atter alleging[, as an affirmative defense,] that the new suit was barred by the statute of limitations. [Moyer] initially failed to respond to the [N]ew [M]atter. On November 30, 2018, [Conroy] filed a [M]otion for judgment on the pleadings, arguing the substance of the statute of limitations[,] and also pointing out that [Moyer] had not responded to the [N]ew [M]atter. Finally, on December 31, 2018, [Moyer] filed responses to both the [N]ew [M]atter and the [M]otion for judgment on the pleadings. Notably, [Moyer's] response to the [M]otion makes no mention whatsoever of [Conroy's] DUI plea, arguing solely that it was unclear when [Moyer] or [D]ecedent knew[,] or should have known[, D]ecedent had sustained serious injuries. [] [T]he [c]ourt concurred with [Conroy] and, on January 18, 2019 (docketed January 23), granted his [M]otion for judgment on the pleadings.

---

[3] While paragraphs 13 and 14 of the 2018 Complaint aver various claims related to Conroy's April 2017 guilty plea to DUI related to the accident, Moyer does not argue, at any point, that Conroy's DUI conviction tolled the statute of limitations. We note that our Court has not addressed the potential application of the discovery rule to a DUI conviction, where the delay in filing suit was exclusively because the damages were insufficient under the injured party's limited tort policy, and only became sufficient after the policy converted to full tort following the conviction. **See generally Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998) (holding that when a trial court directs a defendant to file a concise statement of matters complained of on appeal, any issues not raised in such a statement will be waived).

Trial Court Opinion, 4/8/19, at 1-3 (footnotes added).  Moyer filed a timely

Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Statement of Errors

Complained of on Appeal.

Moyer presents the following question for our review on appeal:

When an otherwise time-barred auto accident and limited tort plaintiff pleads case law holding that the two-year statute of limitations is tolled until a seriously injured limited tort plaintiff develops that serious injury, should a motion for judgment on the pleadings (asserting that plaintiff's action is time barred) be denied because the pleadings reveal an issue of fact as to whether the statute of limitations was tolled?

Brief for Appellant at 3-4.

Moyer argues, citing our decision in **Walls v. Scheckler**, 700 A.2d 532

(Pa. Super. 1997), that he sufficiently pleaded that the statute of limitations

was tolled pursuant to the discovery rule.  Brief for Appellant at 14.  While

Moyer concedes that the two-year statute of limitations began to accrue on

October 12, 2015, the date of the accident, he contends that the statute of

limitations was tolled because Decedent's injuries had worsened.  **Id.**  Moyer

claims that his assertion in this regard was enough to survive Conroy's Motion

for judgment on the pleadings.  **Id.**

A motion for judgment on the pleadings will be granted where, on the

facts averred, the law says with certainty that no recovery is possible.

**Lindstrom v. City of Corry**, 763 A.2d 394, 396 (Pa. 2000).  As this appeal

presents an issue of law, our review is plenary.  **Phillips v. A-Best Prods.**

**Co.**, 665 A.2d 1167, 1170 (Pa. 1995).

A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. Motions for judgment on the pleadings and summary judgment motions involve similar considerations; however, the motions differ in relation to the trial court's scope of inquiry. While a motion for judgment on the pleadings is limited to averments contained in the pleadings, a motion for summary judgment may rely on outside material contained in the record.

*DiGregorio v. Keystone Health Plan East*, 840 A.2d 361, 365-66 (Pa. Super. 2003) (internal citations and quotations omitted).

The statute of limitations begins to run for an individual injured in an automobile accident on the day of the accident, and the time period runs for two years. *See Haines v. Jones*, 830 A.2d 579, 586 (Pa. Super. 2003) (stating that the statute of limitations "begins to run as soon as the right to institute and maintain a suit arises."); 42 Pa.C.S.A. § 5524(2). The discovery rule provides the following exception to the two-year statute of limitations:

In those circumstances where the plaintiff cannot reasonably be expected to be aware of the injury or of its cause, the discovery rule may apply to toll the running of the statutory period. The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed period, the period of limitations does not begin to run until discovery of the injury is reasonably possible. Under the discovery rule, the limitations period will be tolled until the plaintiff knows, or in the exercise of reasonable diligence should have known, (1) that he has been injured, and (2) that his injury has been caused by another's conduct. When presented with an assertion of applicability of the discovery rule, a court must, before it applies the exception, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action. The plaintiff's conduct is to be evaluated in terms of what she should have known at a particular time by following a course of reasonable diligence. If a party has the means of discovery within his or her power but neglects to use them, his or her claim will still be barred.

*Id.* at 585 (internal quotations and punctuation omitted).

In *Walls*, the plaintiff had affirmatively pled that the injury she suffered to her jaw had worsened over time. *Walls*, 700 A.2d at 533-34. On appeal, we extended the discovery rule to toll the statute of limitations, and determined that summary judgment was not proper, when a genuine issue of material fact existed as to when the plaintiff knew, or should have known, that her injuries became serious. *Id.* at 534; *see also Varner-Mort v. Kapfhammer*, 109 A.3d 244 (Pa. Super. 2015) (determining that the timeliness of a plaintiff's personal injury action was a question for a fact-finder to determine and, as a result, summary judgment was improper). *But see Haines*, 830 A.2d at 586-87 (Pa. Super. 2003) (affirming the trial court's grant of summary judgment and agreeing that the statute of limitations had not been tolled where the plaintiff knew the full extent of her injuries within the statute of limitations, but had simply miscalculated her medical expenses).

Unlike the plaintiffs in *Walls* and *Varner-Mort*, Moyer does not affirmatively plead that the Decedent's injuries worsened. Instead, Moyer pled that Decedent sustained serious physical injuries to eleven different body parts, suffered a shock to the nerves and nervous system, the injuries might be of a permanent nature, and might restrict Decedent's ability to attend to her daily activities in the future. Complaint, 1/30/18, at ¶ 9. Despite Moyer's argument on appeal that the discovery process is necessary to uncover if and when Decedent's injuries worsened, we conclude that neither *Walls* nor

***Varner-Mort*** require or provide for the tolling of the discovery rule when a plaintiff does not affirmatively plead that their injuries had worsened.

Moyer had ample opportunity to discover if, and when, Decedent suffered a serious bodily injury, as well as the extent of those injuries, prior to the statute of limitations expiring. In particular, Moyer's argument that the discovery process was necessary to determine the extent and seriousness of Decedent's injuries is contrary to the identical claims made in the 2017 Complaint, which was filed months before the statute of limitations expired. Moyer's apparent failure to ascertain and properly plead that Decedent's injuries were serious prior to the expiration of the statute of limitations constitutes a failure to "[use] reasonable diligence to inform [himself] of the facts and circumstances upon which [his] right to recover is premised and diligently fil[e his] claim within the prescribed statutory period." ***Haines***, 830 A.2d at 587. Accordingly, we find that the trial court's grant of judgment on the pleadings was proper, and Moyer is not entitled to relief on his sole claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2020