J-S15018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IRIS FENSTER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDOVER REALTY CO., THE ESTEE | : | No. 3311 EDA 2017 |
| LAUDER COMPANIES., INC. AND | : | |
| ESTEE LAUDER, INC. | : | |

Appeal from the Order September 13, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): December Term, 2015 No. 1478

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: **FILED APRIL 26, 2018**

Appellant, Iris Fenster, appeals from the September 13, 2017 Order denying her Motion to Enforce Settlement Agreement and, in the alternative, Reconsider the Motion for Summary Judgment. Because this appeal is untimely, we are constrained to quash it.

The facts of this case are largely immaterial to our disposition. Briefly, Appellant filed a Complaint against Appellees to recover damages allegedly sustained as a result of a slip and fall on Appellees' property. Following an arbitration, Appellant received an award of $50,000, which Appellees appealed to the trial court for a trial *de novo*.

While the matter was pending in the trial court, Appellant and Appellees engaged in settlement discussions via telephone, and appeared to have reached an agreement in principle. On March 31, 2017, Appellees' counsel

emailed to Appellant's counsel a summary of the settlement discussions and requested confirmation of Appellant's acceptance of the settlement for $13,000 under a general release by close of business on March 31, 2017. Appellant's counsel never responded to Appellees' counsel's email and never agreed to a general release. **See generally** Trial Ct. Op., 11/28/17, at 1-2. Thus, the parties did not enter into a settlement agreement.[1]

On April 3, 2017, each Appellee filed a Motion for Summary Judgment. Appellant did not file Responses to the Motions. On May 10, 2017, the trial court granted Appellees' Motions.

Appellant did not appeal from the May 10, 2017 Orders. Instead, almost three months later, on July 28, 2017, Appellant filed a Petition to Enforce Settlement Agreement and, in the alternative, to Reconsider the Motion for Summary Judgment and Open the Judgment. Appellees filed a Response in opposition to this Petition. On September 13, 2017, the trial court denied Appellant's Petition. Appellant filed the instant appeal.

Before reaching the merits of Appellant's issues on appeal, we address a question relating to our jurisdiction. An appeal may be taken as of right from any final order of a court. Pa.R.A.P. 341(a). A final order is an order that disposes of all claims and of all parties or is expressly defined as a final order by rule or statute. Pa.R.A.P. 341(b). An order granting summary judgment in favor of all defendants is an appealable final order as it disposes

---

[1] Because the parties did not enter into a settlement agreement, no such agreement appears in the certified record.

of all claims and all parties. Thus, to be timely, an appellant must file an appeal from an order granting summary judgment within 30 days of entry of the order. **See** Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). The period for filing a timely appeal is not tolled by the filing of a motion for reconsideration unless the motion for reconsideration is filed within 30 days of the entry of the order and the trial court expressly grants reconsideration within that same 30 period. **Haines v. Jones**, 830 A.2d 579, 583-84 (Pa. Super. 2003). This Court is without jurisdiction to review the merits of the issues raised in an untimely appeal. **See Valley Forge Center Assoc. v. Rib-It/K.P., Inc.**, 693 A.2d 242, 245-46 (Pa. Super. 1997) (quashing appeal for untimeliness).

Here, Appellant did not timely appeal from the trial court's May 10, 2017 Orders granting summary judgment in favor of Appellees. Rather, Appellant filed an untimely Motion for Reconsideration of those Orders almost three months after their entry and a Petition to enforce a non-existent settlement agreement. Because Appellant failed to timely appeal from the final Orders granting summary judgment to Appellees, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/18</u>