J-A12007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUSAN STASKO-CEFALO, ADMINSTRATRIX FOR THE ESTATE OF JUSTINE STASKO, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 962 MDA 2020 |
| GGNSC WILKES-BARRE II LP D/B/A GOLDEN LIVING CENTER-SUMMIT; GOLDEN GATE NATIONAL SENIOR CARE, LLC, THE MEADOWS AT SUMMIT FOR NURISING AND REHABILITATION, LLC, D/B/A THE GARDENS AT WYOMING VALLEY AND PRIORITY HEALTHCARE GROUP | : : : : : : : : : | |

Appeal from the Judgment Entered June 26, 2020
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
201900758

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:            **FILED SEPTEMBER 15, 2021**

Susan Stasko-Cefalo, in her capacity as administratrix of the estate of Justine Stasko (Decedent), appeals from the order, entered in the Court of Common Pleas of Luzerne County, dismissing her complaint sounding in medical malpractice for failing to file the requisite Certificate of Merit (COM). Upon review, we affirm.

On January 23, 2019, Stasko-Cefalo commenced this medical malpractice action[1] by filing a complaint against Appellees, alleging that Decedent suffered numerous injuries and ultimately death as a result of their negligence. The complaint did not include a COM as required by Pa.R.C.P. 1042.3. **See id.** (where plaintiff alleges licensed professional deviated from acceptable professional standard, attorney for plaintiff shall, within 60 days of filing complaint, file COM signed by attorney). On February 26, 2019, Appellees, The Gardens at Wyoming Valley and Priority Healthcare Group, filed their notice of intent to enter judgment of *non pros* within 30 days for failure to file a COM, and served the same on Stasko-Cefalo and remaining Appellees. On March 22, 2019, Stasko-Cefalo filed an expert report titled "Certificate of Merit" signed by Leah Dawson, a registered nurse and certified legal nurse consultant, in which Nurse Dawson opined that Appellees deviated from the standard of proper nursing care with regard to Decedent, eventually resulting in her "failed rehabilitation." **See** Filing, 3/22/19, at 1-2. Stasko-Cefalo served the same on Appellees the same day. On March 28, 2019, Appellees filed a "joint praecipe for entry of judgment of *non pros* pursuant to Pa.R.C.P. 1042.7 as to all claims against all defendants" for failure to file a COM, and served it upon Stasko-Cefalo. Pursuant to the praecipe, the Prothonotary

_____

[1] Although Stasko-Cefalo labeled the causes of action in her complaint as "Count One," "Count Two," and "Count Three," she specified that "the complaint includes a medical liability professional action." **See** Complaint, 1/23/19, at 5.

entered a judgment of *non pros* and notified Stasko-Cefalo that the judgment had been entered.

On April 4, 2019, Stasko-Cefalo filed a petition to open and strike the judgment of *non pros* pursuant to Pa.R.C.P. 3051.[2]  However, in contravention of the Local Rules of Civil Procedure of Luzerne County, Stasko-Cefalo's petition was not accompanied by a rule to show cause, supporting brief, or a proposed order.  ***See*** Luz. Co. R.C.P. 206.4(c).[3]  On April 12, 2019, Appellees filed a "joint answer in opposition to [Stasko-Cefalo]'s petition to open and strike [Appellees]' entry of judgment of *non pros*."  Thereafter, counsel for Stasko-Cefalo reportedly "monitored the electronic docket entries for this case" for approximately six months before contacting the Luzerne County Prothonotary's Office, which then "advised [] counsel that the petition should have been accompanied by a rule to show cause."  ***See*** Brief of Appellant, at 6 (unnecessary capitalization omitted).  On October 15, 2019, Stasko-Cefalo submitted a petition to open and strike the judgment of *non pros* and

_____

[2] On April 12, 2019, Appellees filed their response thereto.

[3] Pursuant to the Rule 3051, relief from a judgment of *non pros* shall be sought by petition.  ***See id.***; ***see also*** Pa.R.C.P. 206.1 (petition means, *inter alia*, application to strike and/or open judgment of *non pros*).  Pursuant to Luzerne County Local Rule 206.4, a party seeking immediate relief shall present to the court, along with the underlying petition (i.e., application to strike and/or open judgment of *non pros*), a rule to show cause, a comprehensive brief in support, and a proposed order.  ***See id.***  Stasko-Cefalo concedes in her appellate brief that counsel's "misunderstanding of the trial court's local procedure" resulted in "a second procedural oversight"—the first being the filing of "a defective [COM]"—"in failing to obtain the rule to show cause that was necessary to submit for adjudication [of her] . . . petition[.]"  Brief of Appellant, at 9-11, at 27.

accompanying rule to show cause, followed by a brief in support on November 1, 2019. Appellees filed their joint answer in opposition thereto, and on November 25, 2019, the trial court entered an order scheduling oral argument for December 23, 2019. Following oral argument, the court entered an order granting Stasko-Cefalo's petition.

On January 17, 2020, Appellees filed a "joint motion for reconsideration of the court's December 23, 2019 order granting [Stasko-Cefalo]'s petition to open/strike the judgment of *non pros*." On February 6, 2020, Stasko-Cefalo filed her response in opposition thereto. The court entertained oral argument on February 11, 2020. On June 25, 2020, the court issued an order granting Appellees' motion for reconsideration and dismissing Stasko-Cefalo's complaint. Stasko-Cefalo timely appealed to this Court, and both she and the trial court have complied with Pa.R.A.P. 1925. Stasko-Cefalo raises the following issues for our review:

1. Whether the trial court erred or otherwise abused its discretion in reinstating the judgment of *non pros* in favor of [Appellees] on reconsideration notwithstanding that [Appellees]' request for reconsideration of the trial court's order granting [Stasko-Cefalo]'s motion to open or strike the judgment of *non pros* failed to offer any new factual or legal arguments not previously available to [Appellees] when they opposed [Stasko-Cefalo]'s motion to open or strike the judgment of *non pros*?

2. Did the trial court err or otherwise abuse its discretion in reinstating . . . [Appellees]' entry of a judgment of *non pros* dismissing [Stasko-Cefalo]'s lawsuit for failure to timely file a [COM] where [Stasko-Cefalo] timely filed a COM signed by a registered nurse and then promptly replaced it, after [Appellees]' entry of *non pros*, with a COM properly signed by [Stasko-Cefalo]'s counsel?

- 4 -

3. Did the trial court err or otherwise abuse its discretion in reinstating . . . [Appellees]' entry of a judgment of *non pros* dismissing [Stasko-Cefalo]'s lawsuit for failure to timely file a [COM] where [Stasko-Cefalo] promptly petitioned within seven days of the entry of *non pros* to open or strike the judgment, but the petition remained undecided for six months, due to [Stasko-Cefalo]'s counsel's misunderstanding of local procedure, before being submitted for decision?

Brief of Appellant, at 2-3 (reordered for ease of disposition).

It is well-settled that a trial court's ruling on a petition for relief from a judgment of *non pros* is reviewed on appeal for an abuse of discretion. ***Womer v. Hilliker***, 908 A.2d 269, 279 (Pa. 2006). We will overturn the court's decision "only if it reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Id.***

In each of her issues on appeal, Stasko-Cefalo claims that the trial court erred or abused its discretion in reinstating, upon Appellees' motion for reconsideration, the judgment of *non pros* in favor of Appellees. In sum, she argues that reinstatement of the judgment of *non pros* was erroneous where: (1) Appellees did not offer any new factual or legal arguments in support of their motion for reconsideration; (2) Stasko-Cefalo timely filed a proper COM with her complaint; and (3) the delay in the adjudication of her petition to open/strike the judgment of *non pros* in favor of Appellees was attributable to counsel's "misunderstanding of local procedure." No relief is due.

First, Stasko-Cefalo argues that the court should not have granted reconsideration because Appellees did not raise any new factual or legal issues. We note, however, that "[a] court has the inherent power to

- 5 -

reconsider its own rulings." ***Atlantic Richfield Co. v. J.J. White, Inc.***, 448 A.2d 634, 636 (Pa. Super. 1982). Pursuant to 42 Pa.C.S.A. § 5505, a court may "modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken[.]" ***Id.*** This Court explained in ***Haines v. Jones***, 830 A.2d 579 (Pa. Super. 2003), that:

> Under section 5505, the trial court has broad discretion to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration. However, the trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order.

***Id.*** at 584 (internal citations and quotations omitted). Here, because Appellees filed their motion for reconsideration within thirty days of the trial court's order granting Stasko-Cefalo's petition to open/strike the judgment of *non pros*, the court had "broad discretion to modify or rescind [its] order." ***Haines***, ***supra*** at 584; ***see also Verholek v. Verholek***, 741 A.2d 792, 798 (Pa. Super. 1999) ("court loses its broad discretion to modify" where motion for reconsideration filed over thirty days after entry of order). The trial court notes that "[Appellees' timely] joint motion for reconsideration properly asked the [c]ourt to review its decision for an error in its application of the facts to the law." Trial Court Opinion, 11/3/20, at 11. We discern no abuse of discretion on the part of the trial court in granting Appellees' timely motion to reconsider its allegedly erroneous application of law to the facts of this case. ***Atlantic Richfield Co.***, ***supra***; ***Haines***, ***supra***.

Next, we turn to whether the trial court erred or abused its discretion in reinstating the entry of judgment of *non pros* in favor of Appellees. Specifically, the trial court found that Stasko-Cefalo: (1) did not file a COM as required by Rule 1042.3; (2) failed to timely file a petition to open or strike the judgment of *non pros* after allowing her original, defective petition to languish for approximately six months; and (3) did not furnish a reasonable explanation or legitimate excuse for the conduct giving rise to the judgment of *non pros*, **see** Pa.R.C.P. 3051(b)(2). Trial Court Opinion, 11/3/20, at 6-10. The court further determined that Pa.R.C.P. 126, which permits the court to overlook certain procedural missteps, does not excuse Stasko-Cefalo's failure to file a COM in accordance with Rule 1042.6(c). **Id.** at 10. We agree.

As did our Supreme Court in **Womer**, **supra**, we begin by way of background with a discussion of Rule 1042.3 and COMs.

Rule 1042.3 provides, in relevant part, that:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, **the attorney for the plaintiff**, or the plaintiff if not represented, **shall file with the complaint or within sixty days after** the filing of the complaint, **a certificate of merit signed by the attorney** or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill[,] or knowledge exercised or exhibited in the treatment, practice[,] or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on

allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

(b)(1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

\* \* \*

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. **A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of *non pros*** on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

The moving party must act with reasonable diligence to see that the motion is promptly presented to the court if required by local practice.

*Id.* **Rule 1042.10 provides the form for a COM**. *See id.*

Our Supreme Court explained in ***Womer***, ***supra***, that:

[Rule] 1042.3 is one in a series of rules that govern procedure in a civil action in which a professional liability claim is asserted against a licensed professional. We adopted these rules in January of 2003, having determined that malpractice actions were being commenced in the Pennsylvania courts more frequently. We were concerned that this trend would lead to an increase in the filing of malpractice claims of questionable merit, and sought to avoid the burdens that such claims impose upon litigants and the courts. Therefore, **we exercised our rule-making authority to devise an orderly procedure that would serve to identify and weed non-meritorious malpractice claims from the judicial system efficiently and promptly. The procedure we provided in the professional liability action**

- 8 -

**rules centers on the filing of a COM.** On the one hand, the presence in the record of a COM signals to the parties and the trial court that the plaintiff is willing to attest to the basis of his malpractice claim; that he is in a position to support the allegations he has made in his professional liability action; and that resources will not be wasted if additional pleading and discovery take place. On the other hand, **the absence from the record of a COM signals to** the parties and **the trial court** that none of this is so and **that nothing further should transpire in the action, except for the lawsuit's termination.**

* * *

It is self-evident that our Rules of Civil Procedure are essential to the orderly administration and efficient functioning of the courts. Accordingly, **we expect that litigants will adhere to procedural rules as they are written**, and take a dim view of litigants who flout them.

*Id.* at 266-67 (emphasis added).

Stasko-Cefalo contends that the document titled "Certificate of Merit," signed by Nurse Dawson and filed within sixty days of filing her complaint, precluded the trial court from entering a judgment of *non pros* in favor of Appellees pursuant to Pa.R.C.P. 1042.7(a)(2) (prothonotary shall enter judgment of *non pros* for failure to file COM provided no COM has been filed). *See* Brief of Appellant at 13-15. We agree with the trial court, however, that "[d]espite the fact that it was titled 'Certificate of Merit,' . . . [Stasko-Cefalo] did not file a COM." Trial Court Opinion, 11/3/20, at 6. Our Supreme Court's decision in *Womer*, *supra*, supports this conclusion.

In *Womer*, the plaintiff initiated a two-count professional liability action against his ophthalmologist, but did not file with his complaint or within sixty days therefrom a COM in the form provided under Rule 1042.10, and did not move to extend the time for filing the COM as permitted under Pa.R.C.P.

- 9 -

1042.3(d). Instead, within that sixty-day timeframe, Womer served Hilliker with an expert report allegedly "includ[ing] all of the information that Pa.R.C.P. [] 1042.3 requires." ***See id.*** at 272-73. After the trial court granted Hilliker's praecipe for entry of judgment of *non pros* for failure to file a COM, Womer timely filed a motion to open the judgment of *non pros* and allow him to file a COM *nunc pro tunc*.

> In the Motion, Womer sought relief from the judgment, alleging that he served an expert report on Hilliker in discovery before [Rule 1042.3]'s time limit expired; that the information he provided to Hilliker included all of the information that [Rule] 1042.3 requires; that his failure to file the required COM was due to his counsel's oversight or mistake; that he was not notified of Hilliker's intent to secure the judgment of *non pros;* that Hilliker would not be prejudiced by the granting of the Motion; that the purpose of [Rule] 1042.3 had been served; that he promptly took steps to open the judgment upon learning of its entry; and that he possessed a meritorious case.
>
> * * *
>
> In response to the New Matter included in Hilliker's Answer to the Motion, Womer further alleged that if relief from a judgment of *non pros* secured under [Rule] 1042.6 is governed by [Rule] 3051,[4] then Rule 3051(b)(2)'s requirement that he provide a reasonable explanation for his inactivity was satisfied inasmuch as he was under the belief that providing the Report to Hilliker met the requirements of [Rule] 1042.3. . . . Referring to [Rule] 126, Womer also alleged that a trial court's strict adherence to Rule 1042.3 in his case would undermine this Court's intent in adopting the Rule, which was to eliminate the filing of non-meritorious professional liability actions and that the entry of a judgment of *non pros,* which would put him permanently out of court for a technical violation of Rule 1042.3, was too drastic a result in light of his substantial compliance.

---

[4] ***See supra*** at n.3.

*Id.* at 272-74. The Supreme Court agreed with Hilliker, however, that under these circumstances, Womer "did not file a COM, even one that was defective[. T]he trial court correctly determined that this was a situation of a party's non-compliance and that therefore, [Rule] 126 should not be considered." *Id.* at 270. The Court continued by explaining that:

> **Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiff's claim must be filed** in the official record in a document called a "certificate of merit" at the time the complaint is filed or within sixty days thereafter. Pa.R.C.P. [] 1042.3(a). [**Rule**] **1042.**[**10**] **provides that "the certificate required for filing by Rule 1042.3(a) shall be substantially in the following form**[,]**" and displays a sample COM that shows precisely what Rule 1042.3 requires.** Moreover, [Rule] 1042.3(d), which allows for the filing and granting upon good cause shown of a motion to extend the time for filing a COM, sets forth the one and only step that a plaintiff is to take if he finds himself unable to secure a COM and desires to avoid the consequences of not satisfying Rule 1042.3(a)'s COM filing requirement in a timely fashion. Womer, however, did nothing of the sort. Rather, he served discovery materials on Hilliker, which included an expert report. In our view, this was no procedural misstep within the meaning of [Rule] 126. It was instead, a wholesale failure to take any of the actions that one of our rules requires, of the type that we have heretofore refused to overlook under Rule 126.

*Id.* at 270-71 (emphasis added).

Here, Stasko-Cefalo failed to timely file a COM substantially in the form provided by Rule 1042.10 for each licensed professional against whom a claim was asserted, *see* Pa.R.C.P. 1042.3(a)-(b). Instead, she filed one expert report that she alleges, *inter alia*, "served the exact purposes for which a [COM] is required." Brief of Appellant, at 19. Additionally, Stasko-Cefalo did

not file a motion to extend the time for filing a COM as permitted by Rule 1042.3(d)—the "only step that a plaintiff is to take if [s]he . . . desires to avoid the consequences of not satisfying Rule 1042.3(a)'s COM filing requirement," *Womer*, *supra* at 271—nor did she file a motion pursuant to Rule 1042.6 to seek a determination by the court that the filing of a COM is not required after Appellees filed their notice of intent to seek a judgment of *non pros* for failure to file a COM.  *See* Pa.R.C.P. 1042.6.  Under these circumstances, the trial court did not abuse its discretion in entering a judgment of *non pros* in favor of Appellees for failure to file a COM.[5]  Indeed, lest there be any doubt as to

_____

[5] Stasko-Cefalo notes that:

> The Supreme Court of Pennsylvania has amended Rule 1042.1 *et seq.* governing the [COM].  Currently, the rules of civil procedure provide for dismissal of a complaint for failure to file a [COM].  However, they are silent as to procedure when a [COM] is filed, but does not comply with the rules, ***e.g.,* the basis for the [COM] is incorrect, or a [COM] lists three defendants when the rules require a separate [COM] to be filed against each defendant.**

Brief of Appellant, at 15 (quoting Pa.R.C.P. 1042.13 (2013 explanatory comment)) (emphasis added).

Stasko-Cefalo's argues that the only remedy available to Appellees, "if they wished to challenge [her COM] as defective[,] was by means of a motion to strike under Rule 1042.8, which then would have required the trial court to grant [her] 20 days in which to file a non-defective [COM] before the action could be dismissed." *Id.* at 16.  Despite her attempt to characterize her expert report as a "defective COM," however, we find that, because the explanatory comment refers specifically to defects on the face of a COM in the form provided under Rule 1042.10, the comment supports the trial court's conclusion that Stasko-Cefalo's expert report was no COM at all, not even a defective one.  *See also Womer*, *supra* at 270-71.

the application of **Womer** to the instant matter, our Supreme Court expressly "disapprove[s] of any decision to the extent that it holds that a plaintiff substantially complied with [Rule] 1042.3 by providing an expert report to a defendant or that [Rule] 126 may be applied in such circumstances." **Womer**, **supra** at 281 n.10.

Next, Stasko-Cefalo argues that the trial court erred in denying her petition to open or strike the judgment of *non pros* pursuant to Rule 3051. Under Rule 3051(b), a trial court may, in its sound discretion, open a judgment of *non pros* where the petitioner alleges facts showing that: (1) the petition is timely filed; (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*; and (3) there is a meritorious cause of action. Pa.R.C.P. 3051(b)(1)–(3).

In her petition to open and strike the judgment of *non pros*, Stasko-Cefalo claimed that she timely filed a COM, albeit deficient, and that "the excuse provided by the plaintiff herein, that she believed she had filed an adequate and timely [COM], is a reasonable excuse[.]" Petition to Open/Strike, 4/3/19, at 5. She further argues, without citation to any legal authority, that her failure to comply with the Luzerne County Local Rules of Civil Procedure cannot form the basis for the trial court to refuse her petition where such "oversight prejudiced no one." Brief of Appellant, at 10-11.

In **Womer**, **supra**, our Supreme Court held that Womer failed to provide a reasonable excuse under Rule 3051 for not filing a COM in accordance with the "clear and unambiguous [] mandate" of Rule 1042 where

- 13 -

he argued that he believed providing Hilliker an expert report met the requirements of that Rule. *Id.* at 262-74. Here, the trial court reasoned that:

> [Stasko-Cefalo]'s petition alleges that [she] "timely filed what **she believed** to be an adequate [COM]." . . . This does not constitute a reasonable explanation. [Rule] 1042.3 is clear and unambiguous in detailing the requirements of a COM. Rule 1042.10 provides the form and content of a proper COM. ***Womer*** is directly on point and is controlling precedent.

Trial Court Opinion, 11/3/20, at 10 (emphasis in original).

> [In addition, Stasko-Cefalo] filed a petition to strike and/or open pursuant to Pa.R.C.P. 3051 on April 4, 2019[,] but did not make any effort to comply with the Luzerne County Local Rules of Civil Procedure 206(4)(c) and 208(3)(b) in that the Petition was not accompanied by a rule to show cause, a brief in support[,] or a schedule sheet. Consequently, the petition languished for approximately six (6) moths until October 15, 2019[,] when [Stasko-Cefalo] filed a second petition to open/strike. . . . **Our local rules are available online. Counsel's ignorance of our procedure does not excuse his failure to follow them.**

*Id.* at 7 (emphasis added).

We agree with the trial court that here, as in ***Womer***, Stasko-Cefalo failed to provide a reasonable explanation for her failure to comply with the clear and unambiguous language of Rule 1042 where she argues merely that she believed she filed a timely and adequate COM. ***Womer***, ***supra*** at 270-72. Similarly, Stasko-Cefalo failed to offer a reasonable explanation or legitimate excuse for her failure to comply with the Luzerne County Local Rules of Civil procedure. Instead, Stasko-Cefalo focuses on an alleged lack of prejudice to Appellees, ***see*** Brief of Appellant at 24-29, but notes that, "[t]o be sure, [Stasko-Cefalo]'s trial counsel should have ensured that [her] petition

to open or strike the judgment of *non pros* complied with local procedures, and [her] trial counsel is not seeking to place the blame for their failure to do so anywhere other than squarely on themselves." Brief of Appellant, at 28.

In light of the foregoing, the trial court did not abuse its discretion in denying Stasko-Cefalo relief from the judgment of *non pros* pursuant to Rule 3051.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2021