J-A20008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMRO ELANSARI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WESTERN UNION | : | No. 1920 EDA 2021 |

Appeal from the Order Entered September 16, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200801283

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED SEPTEMBER 9, 2022**

Amro Elansari (Appellant) appeals, pro se, from the trial court's September 16, 2021, order sustaining the unopposed preliminary objections of Western Union (correctly named "Western Union Financial Services, Inc.") (Appellee), to Appellant's second amended complaint.  After careful review, we quash this appeal.

Appellee summarized the pertinent facts and procedural history of this case, as follows:[1]

> Appellant initiated this matter in the Philadelphia County Court of Common Pleas Commerce Program on August 17, 2020.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We reproduce Appellee's summary because Appellant's "Statement of the Case" section of his brief is more akin to an argument than a statement of the facts and procedural history.  **See** Appellant's Brief at 7-9.

As best can be discerned from the record, Appellant claimed that he attempted to wire $50 to his friend in Canada which would be converted to Canadian dollars. Appellant alleged that the conversion rate from United States dollars ("USD") to Canadian dollars ("CAD") was supposed to be 1 USD to 1.33 CAD but was processed as 1 USD to 1.03 CAD. The Complaint contained claims for fraudulent representation, breach of contract, unjust enrichment, gross negligence, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, [and] conversion, and asked for punitive damages, compensatory damages, declaratory relief, and injunctive relief.

Appellee filed Preliminary Objections on October 2, 2020[,] noting that the Complaint included a confirmation page of the transfer wherein the terms were presented to Appellant that the conversation rate was 1 USD to 1.0698 CAD or a total of $53.50 to Appellant's friend. Therefore, there was no misrepresentation or "bait and switch" when the terms were disclosed and Appellant proceeded anyway. Appellee further objected in that service was improper, Appellant lacked standing, the contract claims were barred by the gist of the action doctrine, all claims for punitive damages and gross negligence were not supported by the pleading, there was no verification, and the notice to plead was improper. Appellant opposed these Objections on October 5, 2020.

On January 20, 2021, the Honorable Ramy I. Djerassi issued two (2) orders about these Objections. First, Judge Djerassi transferred the case out of the Commerce Program [and to the Arbitration Program] because the amount in controversy did not exceed $ 50,000.00. . . . Second, Judge Djerassi sustained the Objections in part, dismissing the Complaint without prejudice. Judge Djerassi noted that Appellant conceded that his claims sound[ed] in fraud, not contract, and dismissed the contractual claims. He gave Appellant twenty (20) days to fix the claims, correctly name the defendant, set forth his claims for fraud with specificity, and correct the notice to plead and the verification. On February 16, 2021, Appellant filed a Motion for Reconsideration. In the Motion, Appellant continued a pattern and practice he has employed with other [c]ourts[,] in that he began to insult both the [c]ourt and opposing counsel. Appellant claimed that[,] "I have a right to take this to a jury for a decision on the damages - not some scam arbitration with one of your buddies - I know what my constitutional rights are[,]" and that Judge Djerassi was "trying to

prevent me from attaining justice". . . . The Motion was denied on April 6, 2021.

The case sat dormant until Appellee filed [a] Motion to Dismiss for Failure to Prosecute the Case on June 25, 2021. Appellant never filed an Amended Complaint in the time permitted in the order and only filed an Amended Complaint after Appellee filed said Motion to Dismiss for Lack of Prosecution. The Amended Complaint, filed on July 7, 2021, did not comply with the [c]ourt's January 20, 2021 order in that it maintained the dismissed claims, added new claims without leave, added a new plaintiff without leave, did not attach the notice to plead, did not specify his fraud claims with specificity, and now contained a non-conforming petition for class action certification.

Appellee filed Preliminary Objections to the Amended Complaint on July 27, 2021. In response, Appellant filed a Second Amended Complaint on August 3, 2021[,] which crossed out Count 2 (Breach of Contract), Count 3 (Unjust Enrichment), [and] Count 4 (Gross Negligence), but added, again out of time and without leave, new claims for negligent misrepresentation, reckless misrepresentation, and innocent misrepresentation. [Appellant] also filed a Motion to Add Plaintiff, a person named Patrick Angers, who allegedly was to be the receipent [*sic*] of the money sent by Appellant. Appellee was forced to now file an Answer to the Motion to Add Plaintiff, and Preliminary Objections to the Second Amended Complaint on August 23, 2021. In the Objections, Appellee argued that the Second Amended Complaint violated . . . the [c]ourt's January [20], 2021 order, [and] did not include any additional facts or allegations with regard to the alleged fraud[. Appellee also alleged that Appellant] failed to file the complaint in the time period permitted by the [c]ourt, and added parties and claims without leave of [c]ourt.

Appellant did not oppose the Preliminary Objections to the Second Amended Complaint or the Motion to Dismiss for Lack of Prosecution. . . . On September 16, 2021, the Honorable James Crumlish[,] III[,] entered an order, noting that the Preliminary Objections to the Second Amended Complaint were unopposed, and sustain[ing] the Objections with sanctions. Two hours after the order was posted, Appellant filed a Motion for Reconsideration which provided no substantive support for his failure to respond, denied the [c]ourt's ability to dismiss a case, stated he was not given leave to amend the complaint, which he expressly was

provided, and that if not reversed, Appellant would appeal and receive a reversal.

On September 20, 2021, Judge Crumlish issued an order in response to Appellant's Motion for Reconsideration which granted the motion, revised his September 16, 2021 Order with regard to sanctions, affirmed the dismissal, and ended the case. On September 23, 2021, Appellant filed a [*pro se*] Notice of Appeal of the ruling made in the September 16, 2021 order[,] which was void.

Appellee's Brief at 7-10 (citations to the reproduced record omitted).

Following Appellant's filing of a notice of appeal, the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied. On March 23, 2022, the court filed a Rule 1925(a) opinion. In his *pro se* brief to this Court, Appellant presents the following five issues for our review:

1. Was the dismissal of the instant matter unlawful under Pennsylvania legal standards?

2. Was the issuance of sanctions without Rule [t]o Show Ca[u]se - and on the basis of curable clerical error (that may not have been error in the first place) – unlawful under Pennsylvania legal standards?

3. Does the "Gist of the Action Doctrine" - unique to Pennsylvania [] and not practiced in other states such as Arizona and California - create an undue burden on litigants (and especially *pro se* litigants[]) and [constitute] an excuse to violate the law?

4. Was Opposing Counsel, William Brennan, unethical in referencing [Appellant's] irrelevant personal background, such as his ongoing federal civil constitutional rights matter involving the legalization of medical cannabis, a complex issue, in the instant matter when it has nothing to do with the Western Union matter and the objections on the merits were overruled?

5. Has the Philadelphia Court of Common Pleas demonstrated such egregious deviance from the rule of law sufficient enough to warrant extraordinary relief pursuant to the supervisory authority of this Court?

Appellant's Brief at 5-6.

Before we can review Appellant's issues, we must address an outstanding "Application to Quash" filed by Appellee on June 1, 2022.[2] Therein, Appellee argues that Appellant has incorrectly appealed from the court's September 16, 2021, order. Appellee contends that, "[w]hen a court enters an order expressly granting reconsideration, it would follow that the order under reconsideration is effectively vacated, permitting the court to retain jurisdiction." Application to Quash, 6/1/22, at 4-5, *quoting Barron v. City of Philadelphia*, 754 A.2d 738, 740 (Pa. Commw. 2000). Thus, Appellee insists that the September 16th order, from which Appellant has appealed, was effectively vacated when the trial court expressly granted his motion for reconsideration of that order, and he was required to appeal from the final order entered on September 20, 2021, after the court's reconsideration was complete. Consequently, Appellee concludes that "[t]his Court lacks jurisdiction to hear an appeal from a vacated [o]rder" and we should quash. *Id.* at 5.

---

[2] Our Court deferred disposition of Appellee's "Application to Quash" to the panel assigned to decide the merits of this appeal. *See* Order, 6/8/22.

Appellant filed a timely response to Appellee's "Application to Quash." Essentially, Appellant claims that the court only partially granted reconsideration to reduce the award of sanctions, but "reaffirmed" the September 16th order "as a Final Order Dismissing all of [Appellant's] Claims with prejudice and without leave to amend[.]" Appellant's Response in Opposition to Motion to Quash, 6/9/22, at 2 (unpaginated; emphasis omitted). Appellant believes, it seems, that because the court's September 20th order reaffirmed the September 16th order in all other regards but sanctions, the September 16th order constitutes the final, appealable order in this case.

We disagree with Appellant, and are persuaded by Appellee's argument and reliance on **Barron**.[3] The September 16th order stated:

> And now, on this 16th day of September, 2021, upon the Preliminary Objections of [Appellee], and any response thereto, it is hereby **ORDERED** that the Objections are **SUSTAINED** in their entirety and all claims against [Appellees] are dismissed with prejudice. [Appellant] is sanctioned $5,000.00 for his willful disregard of the prior [c]ourt orders.

Order, 9/16/21, at 1 (unpaginated; emphasis in original).

---

[3] We recognize that "decisions rendered by the Commonwealth Court are not binding on this Court." **Beaston v. Ebersole**, 986 A.2d 876, 881 (Pa. Super. 2009), *citing* **Commonwealth v. Thomas**, 814 A.2d 754, 759 n.2 (Pa. Super. 2002). However, we are persuaded that the reasoning of **Barron** is correct and, therefore, we will follow it in the instant case.

After Appellant filed his motion for reconsideration of the September 16th order, the court entered the September 20th order, which stated, in pertinent part:

> [I]t is hereby ORDERED and DECREED, that [Appellant's] Motion for Reconsideration is GRANTED **only** as to the award of sanctions in the amount of $5,000, the remainder of the Court's Order is reaffirmed as a Final Order dismissing all of [Appellant's] Claims, with prejudice and without leave to amend.
>
> It is further ORDERED that the [c]ourt's award of sanctions is reduced to $100.

Order, 9/20/21, at 1-2 (emphasis in original). We read this order as expressly granting reconsideration, thereby effectively vacating the September 16th order. **See Barron**, **supra**. The fact that the court ultimately decided to only amend its order regarding the amount of sanctions it imposed, and reaffirmed the other aspects of its September 16th order, does not mean that the September 16th order remained in effect. Instead, the September 20th order granted reconsideration, amended the award of sanctions, reimposed all other provisions outlined in the September 16th order, and became the final, appealable order in this case.

Our decision is supported by this Court's discussion of Pennsylvania Rule of Appellate Procedure 1701(b)(3) in **Haines v. Jones**, 830 A.2d 579 (Pa. Super. 2003). There, we explained:

> In pertinent part, [Pa.R.A.P.] 1701(b)(3) indicates that when the trial court **expressly** grants reconsideration of an order that is the subject of an appeal, such grant of reconsideration renders the previously filed notice of appeal inoperative. Thereafter, the time for filing an appeal begins to run anew from the point the trial

- 7 -

court enters a decision on reconsideration, whether or not such decision constitutes a reaffirmation of the prior, original, order. **Id.**

**Id.** at 583 (emphasis in original). Thus, under Rule 1701(b)(3), a court order expressly granting reconsideration nullifies any notice of appeal filed from that prior, original order and requires the filing of a new notice of appeal from the order entered after reconsideration is granted. This rule supports **Barron's** conclusion that when reconsideration is expressly granted, the original order is effectively vacated, and the final, appealable order is the one entered on reconsideration.

Therefore, in this case, the September 16th order was effectively vacated when the court granted Appellant's application for reconsideration. The final and appealable order became the court's September 20th order granting reconsideration, amending the award of sanctions, and reaffirming the September 16th order in all other respects. Because Appellant did not appeal from the court's September 20th order but, instead, appealed from the vacated September 16th order, we agree with Appellee that we lack jurisdiction over this appeal. Accordingly, we grant Appellee's "Application to Quash."[4]

_____

[4] We note that Appellant has a history of initiating excessive and frivolous litigation. In federal court, he has filed nineteen civil cases in less than two and a half years, constituting what the U.S. District Court for the Eastern District of Pennsylvania deemed "a pattern of litigation activity that is vexatious" and an abuse of "the *in forma pauperis* privilege. . . ." **Elansari**
*(Footnote Continued Next Page)*

Appeal quashed.  Jurisdiction relinquished.

_____

*v. Pennsylvania*, No. 21-CV-0141, 2021 WL 288792, at *6, *10 (E.D. Pa. Jan. 28, 2021).  Consequently, the federal district court recently

> direct[ed Appellant] to show cause why he should not be subjected to an injunction in this Court preventing him from filing any new civil, non-*habeas* cases on an *in forma pauperis* basis, unless: (1) he does so through counsel; (2) he becomes incarcerated and he files a lawsuit challenging the conditions of his confinement; or (3) he seeks review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), denying him social security benefits.

*Id.* at *10.  While Appellant's filings in the courts of this Commonwealth do not appear to have risen to the same level of excessiveness he has exhibited in federal court, we nonetheless are aware of at least one other case in which Appellant has initiated an action against Best Buy, L.P. and Dell, Inc.  **See Elansari v. Best Buy, L.P.**, 627 EDA 2019 (Pa. Super. Oct. 18, 2019) (unpub. memo.).

At this juncture, we do not order Appellant to show cause why he should be enjoined from filing certain causes of action in the courts of this Commonwealth.  However, we caution Appellant to carefully consider his litigious behavior in the future, and hereby notify him that excessively filing frivolous claims, and/or engaging in other conduct that is abusive to our court system, may result in further sanctions and/or the filing of injunctions.  We point out to Appellee that our Rules of Appellate Procedure permit parties to file an application with this Court for reasonable counsel fees in cases of frivolous appeals and obdurate, vexatious conduct.  **See** Pa.R.A.P. 2744; Pa.R.A.P. 2751; Pa.R.A.P. 2572; **see also Commonwealth v. Wardlaw**, 249 A.3d 937, 947 (Pa. 2021) ("For example, an appellate court 'may award as further costs damages as may be just,' Pa.R.A.P. 2744, provided that, *inter alia*, the party receiving such damages makes '[a]n application for further costs and damages.'") (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2022