J-A11030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DWAYNE ISAACS | |
| Appellant | No. 549 EDA 2021 |

Appeal from the PCRA Order Entered January 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004304-2011

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 18, 2022**

Appellant Dwayne Isaacs appeals from the January 27, 2021 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his petition under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As summarized by the PCRA court:

On February 24, 2011, Appellant was arrested and charged with possession with intent to deliver ("PWID") and conspiracy, both ungraded felonies; criminal use of a communication facility, a third-degree felony, knowing and intentional possession of a controlled substance and possession of drug paraphernalia, both ungraded misdemeanors; and corruption of minors and possession of an instrument of crime ("PIC"), both first-degree misdemeanors.  Appellant entered a non-negotiated guilty plea to PWID, conspiracy and PIC on January 22, 2013, with the remaining charges being *nolle prossed*.  [On the same day, the trial court sentenced Appellant to four years' reporting probation for PIC and deferred sentencing as to the other two charges.  At

the time of the guilty plea, Appellant was serving a 12-to-24-year prison sentencing imposed in an unrelated rape case docketed at 2568-2009. *See Commonwealth v. Isaacs*, 106 A.3d 177 (Pa. Super. 2014) (unpublished memorandum). On March 25, 2013, the trial court sentenced Appellant on the remaining charges. Specifically, the court imposed a mandatory minimum sentence of five years' imprisonment for PWID to be followed by a three-year probation sentence for conspiracy that was to run concurrently with the four-year probation term already imposed for PIC.]

On April 5, 2013, the trial court [*sua sponte* modified Appellant's sentence by resentence[ing him] to a term of 14 to 60 months' incarceration on the PWID charge followed by an aggregate term of four years' probation for both conspiracy and PIC. [The trial court directed] Appellant's sentence was to be served consecutive to the sentence imposed at docket 2568-2009. Appellant filed no direct appeal, and the judgment of sentence became final on May 5, 2013.

Appellant filed a *pro se* motion for time credit and corrected commitment on March 9, 2020, alleging that he was not given credit for time served in Philadelphia County prison from the date of his arrest of February 24, 2011 until August 10, 2012, the date of his sentencing [in the rape case] on docket number 2568-2009. The PCRA court docketed the *pro se* motion as PCRA petition. As such, Appellant sought relief based on an unlawfully induced guilty plea, ineffective assistance of counsel in connection with the guilty plea, and the imposition of a sentence greater than the lawful maximum. Appellant contended that trial counsel's failure to request credit for time served from February 25, 2011 through August 10, 2011 constitutes ineffective assistance of counsel based on counsel's assurance to Appellant that the request for time credit would indeed be made. Additionally, Appellant claimed that counsel's ineffectiveness was the causal nexus for the unlawfully induced guilty plea. Appellant also asserts that his prior record score was miscalculated based on the court confusing him with his father of the same name and incorrectly assigning his father's criminal record to him when calculating his prior record score.

Counsel was appointed and on October 15, 2020, counsel filed a *Finley*[1] letter of no merit. After conducting review, th[e] court determined that Appellant's issues were meritless and dismissed Appellant's petition on January 27, 2021. Appellant filed a notice of appeal to the Superior Court on February 8, 2021.[2] On July 7, 2021, th[e] court granted a motion to appoint counsel. On August 12, 2021, Appellant filed his statement of errors complained of on appeal.

PCRA Court Opinion, 9/7/21, 1-3 (unnecessary capitalizations omitted). In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[3] Appellant essentially argues that the PCRA court erred in dismissing as untimely his PCRA petition.[4] *See* Appellant's Brief at 5.

_____

[1] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Although Appellant's *pro se* notice of appeal does not identify the date of the order being appealed, we decline to quash this appeal. Appellant attached the January 27, 2021 PCRA order as an exhibit to his notice of appeal. Because no other final and appealable orders appear on the docket, it is clear that Appellant's notice of appeal relates solely to the PCRA court's January 27 order.

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

[4] Insofar as Appellant suggests that the trial court lacked the authority to modify its sentencing order more than ten days after sentencing, *see* Appellant's Brief at 28, the suggestion lacks merit. Pursuant to Section 5505 of the Judicial Code, a trial court may "modify or rescind any order within 30 days after its entry, . . . if no appeal from such order had been taken or allowed." 42 Pa.C.S.A. § 5505; *see Haines v. Jones*, 830 A.2d 579, 584 (Pa. Super. 2003) ("Under Section 5505, the trial court has broad discretion to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration."). Because no appeal was then pending, the trial court properly exercised its broad discretion to modify *sua sponte* Appellant's March 25, 2013 judgment of sentence on April 5, 2013—within a period of eleven days.

Initially, we review whether Appellant's March 9, 2020 motion for credit for time served was in the nature of a PCRA petition subject to the jurisdictional requirements of Section 9545(b). The plain language of the statute provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. Cognizant of the stated purpose of the PCRA, we have held that any petition filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition where the PCRA provides for a potential remedy. **See**, **e.g.**, **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (deeming petition for *habeas corpus* relief from allegedly illegal sentence a PCRA petition because claim challenging legality of sentence is cognizable under PCRA); **accord Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011); **see also Commonwealth v. Eller**, 807 A.2d 838, 842 (Pa. 2002) (noting that if relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought).

Here, the motion for time credit alleges that the trial court failed to award Appellant credit for time served. It is settled that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted), **appeal denied**, 944 A.2d 756 (Pa. 2008); **see also** 42 Pa.C.S.A. § 9543(a)(2). In other words, a challenge to the legality of one's

sentence implicates a claim that falls within the purview of the PCRA.  ***See***, ***e.g.***, ***Commonwealth Beck***, 848 A.2d 987, 989 (Pa. Super. 2004). Consequently, we agree that the PCRA court properly treated the motion for time credit as a PCRA petition, because the motion challenged the legality of Appellant's sentence.

Having established that the PCRA court properly treated the motion for time credit as a PCRA petition, we now must determine whether the PCRA court properly dismissed it as untimely.  A court cannot entertain a PCRA petition unless the petitioner has first satisfied the applicable filing deadline. It is settled that the PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within sixty days of the date the claim could have been presented.[5]

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, Appellant's judgment of sentence became final on May 5, 2013. Because Appellant had one year from May 5, 2013, to file his PCRA petition, the instant petition is facially untimely given it was filed on March 9, 2020, more than six years late.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. *See Commonwealth v. Marshall*, 947

---

[5] Section 9545(b)(2) was recently amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies only to claims arising on or after December 24, 2017. Because Appellant filed the instant PCRA petition on January 20, 2020, this amendment applies *sub judice*.

A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to prove at any stage of the proceeding any exceptions to the one-year time bar. Although he appears to invoke the government-interference or newly-discovered facts exceptions, he does not tell us how he satisfied the one-year period in subsection 9545(b)(2) for invoking the exceptions. With respect to governmental interference, as the PCRA court noted, Appellant was present at the initial March 25, 2013 sentencing and the April 5, 2013 resentencing. PCRA Court Opinion, 9/7/21, at 6-7. Critically, at both proceedings, Appellant was advised by counsel of his appellate rights, *i.e.*, the right to file post-sentence motions within ten days and direct appeal within 30 days of sentencing. *See* N.T. Resentencing, 4/5/13, at 8-9. Thus, Appellant fails to explain how the trial court's April 5, 2013 modification of his sentence caused the untimeliness of the instant petition.[6]

Relatedly, Appellant fails to explain why the facts upon which his instant claims are predicated would have been unknown to him, or when and how he discovered them. Indeed, Appellant offers no explanation for why he could not have discovered the claims raised in this untimely PCRA petition for over six years. As PCRA court found,

---

[6] The April 5, 2013 amended sentence was reduced to a written order that set forth the duration of the prison and probation sentences imposed, the commencement date of the new prison sentence, and the fact that the sentence was "to be served consecutive[ly]" to the sentence imposed in the connection with Appellant's rape case.

> [I]t is clear that Appellant was not only present at his resentencing, but was also advised of his rights by [plea counsel] upon being resentenced. This proves that: 1) Appellant knew or should have known that he was not receiving credit for time served, if Appellant was in fact owed such time credit; 2) that Appellant was advised of his rights to ask [the trial court] to reconsider and to appeal; and 3) that Appellant was addressed on the record during the April 5, 2013 resentencing.

PCRA Court Opinion, 9/7/21, at 7.[7] Based on the foregoing, Appellant has failed to prove at any stage of the proceeding any exceptions to the one-year time bar. Accordingly, the PCRA court did not err in dismissing as untimely the instant PCRA petition.

Order Affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *8/18/2022*

---

[7] Appellant's suggestion that he was not specifically asked at the resentencing hearing to again confirm on the record whether he understood his modified sentence, as he had at the initial sentencing hearing eleven days earlier, is insufficient to establish that he did not understand the terms of his sentence. Again, Appellant simply fails to explain why he did not understand his sentence and post-sentence or appellate rights at the April 5, 2013 resentencing hearing or why it took him over half a decade to understand them.